

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FIRST AMERICAN TITLE )
INSURANCE COMPANY, )
)
)
Plaintiff, )
)
v. ) 1:10cv1078 (LMB/IDD)
)
TRAVELERS CASUALTY AND )
SURETY COMPANY OF AMERICA, )
et al., )
)
)
Defendants. )

## MEMORANDUM OPINION

Before the Court is defendant Travelers Casualty and Surety Company of America's ("Travelers") Motion to Dismiss this civil action, in which plaintiff First American Title Insurance Company ("FATIC") seeks to recover $100,000 on a surety bond issued by Travelers. For the reasons stated below, the motion will be denied.

### I. Background

On March 1, 2006, Travelers issued a $100,000 surety bond to Excelente Settlement, Inc. ("Excelente") under Virginia's Consumer Real Estate Protection Act ("CRESPA"), Va. Code §§ 6.1-2.19 et seq., a consumer protection statute that regulates, among others, title settlement agents. The surety bond states that:

> any aggrieved person may maintain an action in its
> own name against this bond to recover damages as a

result of the Principal breaching any of the
above-mentioned laws, regulations, or orders.

Ex. B to Compl. FATIC, a title insurance company, designated Excelente as its title insurance agent in a March 1, 2007 agreement. Ex. A to Compl.

In the summer of 2007, Chevy Chase Bank agreed to extend a $3.64 million loan to Michael Milan to pay off an existing mortgage and to renovate property in McLean. Excelente was the settlement agent for that transaction. On August 16, 2007, Excelente issued a FATIC title insurance policy for the transaction. Ex. D to Compl. On August 31, 2007, FATIC issued a closing protection letter to Chevy Chase, agreeing to reimburse Chevy Chase for any losses arising from the closing. Ex. E to Compl. Chevy Chase issued closing instructions to Excelente that included a requirement that the closing occur on September 12, 2007. Excelente advised Chevy Chase that the loan had closed, and sent copies of the note, deed of trust, and other papers. On the same day, Milan directed Chevy Chase to draw $500,000 from the construction loan and wire the money to Richard Solomon, the Excelente settlement agent, who was instructed to forward the funds to Milan's contractor to start the renovations. See Compl. ¶¶9-12. Although the deed of trust was never recorded and the mortgage had not been paid off, Excelente informed Chevy Chase that the loan had closed according to closing instructions. Based on that false representation, on September 13, 2007, Chevy

Chase wired the $500,000 to Solomon's trust account. Excelente never transferred the $500,000 to Milan's contractor; instead, Solomon used the money for personal purposes. Id. ¶¶14-15. Chevy Chase made a claim to FATIC for the mismanaged money, and on December 4, 2008, FATIC paid Chevy Chase $500,000. Id. ¶18.

FATIC sued Excelente, Solomon, Milan, and others on April 13, 2009 in the Circuit Court of Fairfax County, seeking to recover the $500,000. FATIC entered into settlement agreements with some defendants, who agreed to pay FATIC $589,655 over 25 years, and the Fairfax court issued a final judgment order on February 16, 2010. Compl. ¶¶ 19-20; Mem. in Supp. of Def't Travelers Casualty and Surety Company of America's Mot. to Dismiss Compl. ("Mot. to Dismiss") ¶¶30-34.

FATIC made two claims to Travelers under the surety bond, and Travelers denied them on February 17, 2010 and August 24, 2010. Ex. N. to Compl. In this civil action, FATIC has sued Travelers and Excelente for breach of contract, both in its own name and as a subrogee of Chevy Chase, seeking to recover the bond limit of $100,000 from Travelers. Travelers has moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that FATIC failed to state a claim upon which relief can be granted.

## II. Discussion

Under Fed. R. Civ. P. 12(b)(6), the Court must accept all of a complaint's well-pleaded allegations and view them in a light

most favorable to the plaintiff. Battlefield Builders, Inc. v. Swango, 743 F.2d 1060, 1062 (4th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege enough facts "'to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard requires well-pleaded facts that establish "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Travelers argues that this civil action should be dismissed for three reasons: 1) FATIC cannot recover for wrongful acts by its own agent; 2) the Fairfax County court settlement precludes recovery against Travelers; and 3) FATIC cannot recover on a bond issued under CRESPA, a consumer protection statute.

A. Agency agreement

Travelers argues that FATIC cannot make a claim on the surety bond because a principal cannot recover for the wrongful acts of its agent. Mot. to Dismiss at 12. See Allen Realty Corp. v. Holbert, 318 S.E. 2d 592, 596 (Va. 1984)(adopting Restatement (Second) of Agency § 261, which states that "[a] principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to

4

such persons for the fraud."). FATIC does not challenge Travelers's characterization of agency law. Rather, FATIC argues that Excelente was only Travelers's agent for the solicitation and issuance of title insurance, not for conducting the settlement. Mem. in Opp. to Def't Travelers Casualty and Surety Company of America's Mot. to Dismiss Compl. at 13. Therefore, FATIC argues, it is not barred from asserting a breach of contract claim arising from Excelente's mishandling of settlement funds.

An agency relationship exists if the principal had "the right to control" the agent. Whitfield v. Whittaker Mem'l Hosp., 169 S.E.2d 563, 567 (Va. 1969). FATIC argues that it did not have the right to control Excelente's settlement activities. FATIC cites the eighth paragraph of the Agency Agreement, which states that Excelente's authority is "expressly limited to the issuance of Policies and the collection of Premiums as set forth" in the agreement. Ex. A to Compl.

In response, Travelers cites paragraph 2(f) of the Agency Agreement, which requires Excelente to

> [k]eep all funds received by [Excelente] from any source in connection with transactions in which Policies of [FATIC] are to be issued in a federally insured financial institution, in an account separate from [Excelente's] individual accounts and designated as an "escrow" or "settlement funds" account, and disburse such funds only for the purposes for which the same are entrusted.

Id. ¶2(f). Travelers argues that this provision is clear evidence

5

of "FATIC's intent to maintain control over Excelente's escrow, closing and settlement activities." Mot. to Dismiss at 16.

Read as a whole, the Agency Agreement is unclear about the scope of FATIC's specific control over Excelente. Although Paragraph 2(f) appears to provide FATIC with some control over Excelente's settlement activities, Paragraph 8 explicitly disclaims such control. Because the Agency Agreement is self-contradictory, discovery is necessary to determine the exact nature of FATIC's control over Excelente as to the Milan closing. Accordingly, the agency issue cannot be resolved on a motion to dismiss.

B. Preclusion of recovery based on state court settlement

Travelers next argues that this civil action should be dismissed because FATIC will recover all of its losses under the Fairfax County Circuit Court settlement. Mot. to Dismiss at 19. Although FATIC's complaint briefly mentions the Fairfax County litigation and attaches the state court's $589,655.00 judgment order, the complaint does not provide any details about the settlement. Travelers attached the settlement documents to its motion to dismiss as Exhibits 3, 4, and 5.

When ruling on a motion to dismiss under Rule 12(b)(6), a court may not consider a document outside of the complaint unless that document is "integral to and explicitly relied on in the complaint." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th

Cir. 1999). The settlement agreement is not integral to FATIC's complaint, nor does the complaint explicitly rely on the agreement. Therefore, the settlement documents will not be considered in deciding the motion to dismiss. Moreover, discovery is necessary to determine the amount of money that FATIC already has recovered under the settlement and the likelihood that it will recover the outstanding balance. Accordingly, the motion to dismiss will not be granted based on the settlement reached in state court.

C. Whether CRESPA provides a cause of action

Finally, Travelers argues that this action should be dismissed because the surety bond was issued under CRESPA. Specifically, Travelers argues that FATIC is not an "aggrieved person" under CRESPA because the statute is intended only to protect consumers, not title insurers. Mot to Dismiss at 21. FATIC points to <u>First American Title Insurance Co. v. Western Surety Co.</u>, No. 1:09-cv-403, 2010 U.S. Dist. LEXIS 58433 (E.D. Va. June 14, 2010), in which Judge O'Grady allowed FATIC to recover on a CRESPA bond that Western Surety issued to an agent that mismanaged funds. The appeal of that decision has been fully briefed and is pending before the Fourth Circuit. Because the Fourth Circuit's decision will resolve this issue, this Court defers ruling on the CRESPA issue. Accordingly, the complaint

will not be dismissed based on Travelers's argument that a title insurance company cannot make a claim on a CRESPA bond.

III. Conclusion

For the reasons stated above, Defendant Travelers Casualty and Surety Company of America's Motion to Dismiss Complaint [Dkt. No. 8] will be DENIED by an Order to be issued with this Opinion.

Entered this 23rd day of December, 2010.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge